UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>            Petitioner,<br><br>     v.<br><br>THE CITY OF FRESNO, a municipal corporation,<br><br>            Respondent. | No.   2:16-cv-495-JAM-KJN<br><br>**ORDER GRANTING PETITIONER'S PETITION TO COMPEL ARBITRATION** |

Petitioner Philadelphia Indemnity Insurance Company ("Philadelphia") petitions the Court for an order compelling The City of Fresno ("Fresno") to proceed to arbitration in accordance with an alleged arbitration agreement.  For the reasons stated below, the Court grants the petition and orders Fresno to proceed with arbitration.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 28, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Fresno, through SMG Holdings, Inc., entered into a licensing agreement with the California Association of Future Farmers of America ("Future Farmers") for Future Farmers to use a portion of the Fresno Convention and Entertainment Center.  Petition to Compel Arbitration ("Petition") (Doc. #1) ¶ 5.  The licensing agreement required Future Farmers to obtain liability insurance. Id.  In accordance with this requirement, Future Farmers entered into a liability insurance policy with Philadelphia (the "Future Farmers Policy").  Id. ¶ 8.  The Future Farmers Policy states that either party may demand arbitration if a dispute arises over the scope of coverage.  Id. ¶ 10.

In April 2013, Timothy Sailors ("Sailors") allegedly slipped and fell in the parking lot of the Fresno Convention Center on his way to a Future Farmers event.  Id. ¶ 7; Memorandum ("Memo") (Doc. #7) at 2.  Sailors and his employer, Reef Sunset Unified School District ("Reef"), sued Fresno to recover for his injuries and for the employment benefits Reef paid to Sailors after he was injured.  Petition ¶¶ 6-7.  The cases were consolidated and Future Farmers was added as a defendant.  Id. ¶ 6.

Fresno has demanded that Philadelphia defend and indemnify Fresno pursuant to the Future Farmers Policy because Fresno contends it is an additional insured under the Policy.  Memo at 2.  Philadelphia has refused to defend or indemnify Fresno.  Id. Philadelphia believes that the dispute over whether Philadelphia must indemnify Fresno should be submitted to arbitration in accordance with the arbitration clause of the Future Farmers Policy.  Id.  Fresno has declined to acknowledge the arbitration

2

requirement.  Id.  Philadelphia now moves for an order requiring Fresno to submit the coverage dispute to binding arbitration pursuant to the arbitration clause in the Future Farmers Policy. Petition ¶ 11.  Fresno did not oppose Philadelphia's petition.

## II.  OPINION

### A.  Judicial Notice

Philadelphia submitted a request for judicial notice ("RJN") (Doc. #9) of the following items: (1) Philadelphia's petition to compel arbitration filed in this action on March 9, 2016 (RJN, Exh. #1); (2) the first amended complaint in Sailors v. City of Fresno, Fresno Superior Court Action No. 14 CE CG 00069 MBS (RJN, Exh. #2); and (3) the complaint in Reef Sunset Unified School District v. City of Fresno, Fresno Superior Court Action No. 14 CE CG 00807 (RJN, Exh. #3).  Fresno did not oppose Philadelphia's request for judicial notice.

A court may take judicial notice of a fact that is not reasonably disputed if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Courts are allowed to take judicial notice of "matters of public record."  Northstar Fin. Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1042 (9th Cir. 2015).  Since all three exhibits are part of the public record and are not subject to reasonable dispute, the Court takes judicial notice of all three exhibits.

### B.  Legal Standard

The FAA permits a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" in accordance with a

written arbitration agreement to petition a district court for an order directing the parties to proceed to arbitration. 9 U.S.C. § 4. When deciding such a petition, the court's sole role is "determining [1] whether a valid arbitration agreement exists and, if so, [2] whether the agreement encompasses the dispute at issue." Lifescan, Inc. v. Premier Diabetic Sevs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004). There is a "strong federal policy favoring arbitral dispute resolution," Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 720 (9th Cir. 1999), and courts have been directed to resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983). As such, the Supreme Court has held that a party seeking to avoid arbitration under the FAA bears the burden of proving that the claims are unsuitable for arbitration. Green Tree Fin. Corp.- Alabama v. Randolph, 531 U.S. 79, 91-92 (2000).

    C.    Analysis

As noted above, Fresno did not oppose Philadelphia's petition to compel arbitration and therefore failed to challenge "the strong federal policy favoring arbitral dispute resolution." Simula, 175 F.3d at 720. On that basis alone, the Court could grant Philadelphia's petition. Green Tree Fin, 531 U.S. at 91 ("the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."). Still, the Court must analyze whether the arbitration agreement is valid between Philadelphia and Fresno and whether it covers their present dispute. Lifescan, 63 F.3d at 1012.

A valid arbitration agreement certainly exists between

4

Philadelphia and Future Farmers – the two signatories to the Future Farmers Policy. The Future Farmers Policy states that "either party may make a written demand for arbitration" if "[Philadelphia] and [Future Farmers] do not agree whether coverage is provided . . . for a claim made against the insured." Larkin Decl., Exh. 11, at 14. The issue is whether this valid arbitration agreement between Philadelphia and Future Farmers may also bind Fresno even though Fresno is not an official signatory to the policy. Since Fresno did not file any opposition to the motion to compel arbitration, the Court presumes that Fresno concedes that it is bound by the arbitration agreement.

Even though Fresno was not a signatory to the Future Farmers policy, Fresno is seeking to benefit from the policy by claiming that it is an additional insured and that Philadelphia must indemnify and defend Fresno in the Sailors litigation pursuant to the Policy. Given that Fresno seeks to benefit from the Future Farmers Policy, it cannot then turn around and argue that the arbitration clause in the Policy does not apply to Fresno. The Ninth Circuit has held that "equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1045 (9th Cir. 2009); Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006) ("nonsignatories have been held to arbitration clauses where the nonsignatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement."). Thus, the arbitration agreement is valid and enforceable between Philadelphia and Fresno.

Once the court concludes that the parties have entered into a valid arbitration agreement, the court must then determine whether the agreement encompasses the dispute at issue. Lifescan, 363 F.3d at 1012. To determine this, the court first looks to the language of the agreement. E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 ("Absent some ambiguity in the agreement, [] it is the language of the contract that defines the scope of disputes subject to arbitration."). The Future Farmers Policy states that arbitration may be initiated to determine "whether coverage is provided . . . for a claim made against the insured." Larkin Decl., Exh. 11, at 14. Given that Philadelphia and Fresno dispute whether coverage under the Future Farmers Policy extends to the area in which Sailors was injured, the arbitration clause clearly encompasses the dispute in this case. Thus, Philadelphia has demonstrated that there exists a valid arbitration agreement that covers the dispute over whether Philadelphia must indemnify and defend Fresno in the underlying Sailors litigation.

III.   ORDER

For the reasons set forth above, Philadelphia's motion to compel arbitration is GRANTED. The matter is REMANDED to arbitration. The case is DISMISSED.

IT IS SO ORDERED.

Dated: July 12, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE