UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>    Petitioner,<br><br>    v.<br><br>THE CITY OF FRESNO, a municipal corporation,<br><br>    Respondent. | No. 2:16-cv-00495-JAM-KJN<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO VACATE ORDER FILED ON JULY 13, 2016 (ECF No. 21)** |

The City of Fresno ("Fresno") moves this Court to vacate its July 13, 2016 Order (ECF No. 21) compelling arbitration of an insurance coverage dispute between Fresno and Philadelphia Indemnity Insurance Company ("Philadelphia"). ECF No. 36.

For the reasons set forth below, this Court GRANTS Fresno's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 13, 2019.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Fresno, through SMG Holdings, Inc. ("SMG"), entered into a licensing agreement with the California Association of Future Farmers of America ("Future Farmers") for Future Farmers to use a portion of the Fresno Convention and Entertainment Center. Petition to Compel Arbitration ("Petition"), ECF No. 1, ¶ 5. The licensing agreement required Future Farmers to obtain liability insurance. Id. In accordance with this requirement, Future Farmers entered into a liability insurance agreement with Philadelphia (the "Future Farmers Policy"). Id. ¶ 8. The Future Farmers Policy states that either party may demand arbitration if a dispute arises over "whether coverage is provided under this [policy] for a claim made against the insured." Id. ¶ 10.

In April 2013, Timothy Sailors ("Sailors") allegedly sustained injuries after stepping into a large pot hole in the parking lot of the Fresno Convention Center on his way to a Future Farmers event. Petition ¶ 7. Both Sailors and his employer, Reef Sunset Unified School District ("Reef"), sued Fresno and SMG to recover for his injuries and for the employment benefits Reef paid to Sailors after he was injured. Id. ¶¶ 6-7. The cases, filed in Fresno County Superior Court and later consolidated, are captioned *Timothy Sailors vs. City of Fresno, et al.*, Case No. 14CECG00069 (the "Sailors Action") and *Reef Sunset vs. City of Fresno, et al.*, Case No. 14CECG00807 (the "Reef Action"). Id ¶ 6.

Facing the Sailors and Reef Actions, Fresno demanded that Philadelphia defend and indemnify Fresno as an additional insured under the Future Farmers Policy. See Petition. Philadelphia

refused on the grounds, among others, that Fresno was not named as an insured in the Future Farmers Policy. Id. Philadelphia then sought an order from this Court requiring Fresno to submit the coverage dispute to arbitration pursuant the policy's arbitration clause. Id. Fresno did not oppose the petition and, on July 13, 2016, this Court issued an order compelling arbitration on "whether Philadelphia must indemnify and defend Fresno in the underlying Sailors litigation." Order Compelling Arbitration (the "Arbitration Order"), ECF No. 21, at 6.

Fresno now moves to vacate the Arbitration Order. Mot., ECF No. 37. Philadelphia opposes the motion. Opp'n, ECF No. 43.

## II. OPINION

### A. Judicial Notice

Fresno asks this Court to take judicial notice of five California state court documents: (1) Opinion of the California Court of Appeal in *Timothy Sailors v. City of Fresno, et al.*, Case No. F074944; (2) online case docket for the Sailors Action; (3) Amended Cross-Complaint by SMG and Fresno in the Sailors Action; (4) online case docket for the Reef Action; and (5) online docket for California Court of Appeal case *Philadelphia Indemn. Ins. Co. vs. SMG Holdings, Inc.*, Case No. C082841. RJN, ECF No. 40. Philadelphia does not oppose this request. And since requests for judicial notice of court records are routinely accepted, Fresno's request is granted as to the existence of the documents but not as to the truth of their contents.

### B. Relief from Final Judgment

Federal Rule of Civil Procedure 60(b)(5) authorizes a court

to relieve a party from a final judgment, order, or proceeding if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). The party seeking relief bears the burden of establishing that a "significant change in facts or law warrants [the] revision." Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 384, 393 (1992). Once the moving party carries this burden, a court abuses its discretion "when it refuses to modify [the judgment or order] in light of such changes." Agostini v. Felton, 521 U.S. 203, 215 (1997).

This Court is not persuaded by Philadelphia's arguments that the motion is untimely. Opp'n at 3-4. On March 20, 2019, the California Court of Appeal affirmed the trial court's grant of summary judgment in favor of Fresno and SMG in the consolidated Sailors Action. ECF No. 40-1. That order became final in April 2019. Fresno would have had no basis in July or August 2016 to appeal the Arbitration Order, nor any basis to have this Court reconsider the Arbitration Order before April 2019. This Court therefore finds the motion was filed within a reasonable time. See United States v. Holtzman, 762 F.2d 720, 725 (9th Cir. 1985). The Arbitration Order is subject to review under Rule 60(b)(5).

### C. Mootness of Subject Arbitration

Fresno argues this Court should vacate the Arbitration Order because a California court found Fresno not liable in the underlying Sailors and Reef Actions, and therefore the compelled arbitration regarding insurance coverage for any such liability is moot. Philadelphia opposes on several grounds.

Philadelphia argues any question regarding mootness must be decided in arbitration, not by this Court. Opp'n at 4-7. This

4

Court disagrees. A "question of arbitrability," including whether "an arbitration clause in a concededly binding contract applies to a particular type of controversy," is a matter "for judicial determination unless the parties clearly and unmistakably provide otherwise." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (quoting in part AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 651-52 (1986)). Indeed, in deciding a petition to compel arbitration, the court's role is to determine "[1] whether a valid arbitration agreement exists and, if so, [2] whether the agreement encompasses the dispute at issue." Lifescan, Inc. v. Premier Diabetic Sevs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004). This Court previously answered both prongs in the affirmative. See Arbitration Order at 6 ("Given that Philadelphia and Fresno dispute whether coverage under the Future Farmers Policy extends to the area in which Sailors was injured, the arbitration clause clearly encompasses the dispute in this case."). The instant motion now raises questions as to whether the agreement still encompasses the dispute at issue, and that question of arbitrability is squarely within the purview of this Court. See Howsam, 537 U.S. at 84.

  The California Court of Appeal affirmed the trial court's grant of summary judgment in favor of Fresno and SMG in the consolidated Sailors Action, and that judgment is now final. ECF No. 40-1. Given that Fresno has no liability to the underlying plaintiff, "Fresno readily agrees it has no damage claims to arbitrate" and "has nothing to seek indemnity for from Philadelphia." Mot. at 1; Reply at 1. Despite the final

5

judgment on underlying liability and Fresno's statements to this Court, Philadelphia asserts it may face liability in a subrogation action for Fresno's litigation costs from the Sailors Action. Opp'n at 6. Federal Insurance Company ("Federal") paid Fresno's defense expenses in that case. Mot. at 1; Reply at 1-2. Fresno thus asserts that only Federal owns the right to bring a claim against Philadelphia for those litigation costs. Id.

It is this Court's duty to determine questions of arbitrability, here the presence of a disagreement about "whether coverage is provided . . . for a claim made against the insured." Petition ¶ 10. This Court finds there is no live controversy between Philadelphia and Fresno regarding potential insurance coverage. The arbitration previously compelled by this Court is therefore moot. Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997), as amended (Sept. 16, 1997) ("A claim is moot if it has lost its character as a present, live controversy.").

D. Conclusion

This Court previously compelled arbitration between Fresno and Philadelphia on coverage for the Sailors incident, including as to "whether Philadelphia must indemnify and defend Fresno in the underlying Sailors litigation." Arbitration Order at 6. The Sailors Action has since been resolved in favor of Fresno, and the arbitration compelled by this Court is now moot. This Court finds this to be a "significant change in facts" warranting relief from the Arbitration Order, the application of which is no longer equitable. Fed. R. Civ. P. 60(b)(5); see Rufo, 502 U.S. 367, at 384. Given this disposition, it is unnecessary for this

Court to reach Fresno's other arguments for vacating the Arbitration Order.

### III. ORDER

For the reasons set forth above, this Court GRANTS respondent Fresno's Motion to Vacate. ECF No. 36. This Court's July 13, 2016 Order (ECF No. 21) is hereby VACATED. The Petition (ECF No. 1) is hereby DENIED AS MOOT. This case remains CLOSED.

IT IS SO ORDERED.

Dated: October 3, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE